835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander J. SZILAGYI, Defendant-Appellant.
 No. 87-1837.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1987.
 
 Before LIVELY, Chief Judge, CORNELIA G. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals "because the lower court has ignored court rules and is proceeding without jurisdiction" in this prosecution for income tax evasion. The government now moves to dismiss on grounds that there is no final, appealable decision for purposes of 28 U.S.C. Sec. 1291. In response, the defendant attacks the jurisdiction of the district court.
 
 
 2
 The defendant was indicted on four counts of income tax evasion in violation of 26 U.S.C. Sec. 7201. He challenged the district court's jurisdiction to proceed with the criminal case in a separate civil proceeding. That case was dismissed, and the district court directed his appearance for trial on the criminal matter. This appeal followed.
 
 
 3
 This Court has jurisdiction over appeals from all final decisions of the district courts. 28 U.S.C. Sec. 1291. Interlocutory appeals in criminal cases are not authorized under 28 U.S.C. Sec. 1292(b). In re April 1977 Grand Jury Subpoenas, 584 F.2d 1366 (6th Cir.1978) (en banc), cert. denied, 440 U.S. 934 (1979), but may be permitted under the collateral order doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949); Abney v. United States, 431 U.S. 651, 659 n. 4 (1977). Cohen review is available if the issue presented for appeal (1) was completely and finally determined in the district court, (2) is wholly collateral to the merits of the underlying action, i.e., the guilt or innocence of the defendant, and (3) will be lost if review is postponed until final judgment is entered. Abney, 431 U.S. at 658-59.
 
 
 4
 Because the district court's jurisdiction is clearly reviewable upon appeal from a final judgment, this Court may not exercise appellate jurisdiction over the issue at this time. The defendant's arguments to the contrary are not persuasive. Accordingly,
 
 
 5
 It is ORDERED that the motion to dismiss is granted.